THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ALEX WALKER and DANNI WALKER, individually and the marital community comprised thereof, | ) ) ) ) | No. 81096-1-I |
| | ) | DIVISION ONE |
| Appellants, | ) ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) ) | |
| | ) | |
| RINA KHANNA and KUMAR VIJAY, a married couple, | ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

ANDRUS, A.C.J. — Alex and Danni Walker appeal the trial court's order granting summary judgment for Rina Khanna and Kumar Vijay,[1] in which it found Walker owed $66,466.70 in unpaid rent, late charges, and interest. Walker contends the trial court erred in disregarding a request to continue the summary judgment hearing, in ignoring their response to the motion, and in awarding prejudgment interest. We disagree and affirm the order and award.

FACTS

In 2010, Alex and Danni Walker entered into a lease with Rina Khanna and Kumar Vijay, in which they agreed to lease Khanna's residential property for a

---

[1] Alex and Danni Walker and Rina Khanna and Kumar Vijay each form a marital community. For the purposes of this opinion, they will be respectively referred to as "Walker" and "Khanna."

Citations and pin cites are based on the Westlaw online version of the cited material.

period of eighteen months. After the lease term expired, it converted to a month-to-month tenancy. The original rent was $2,500 per month and increased to $2,700 per month in 2015. Khanna terminated the lease on May 30, 2017, but Walker remained without paying rent until April 2019.

In June 2019, Khanna filed a complaint for unpaid rent against Walker. Khanna alleged Walker owed $54,000 in unpaid rent for the months of September 2017 through April 2019, $5,130 in late charges, and $4,877.75 in interest. The parties reached a settlement agreement in July 2019 in which Walker agreed to pay Khanna $30,000 by July 31 at 4:00 p.m. On that date, Walker revealed he could not obtain the funds and requested an extension.

Khanna agreed to amend the settlement agreement and extended the payment deadline to October 11, 2019. In return, Walker agreed to pay $32,000 and to provide a signed and notarized amended settlement agreement, confession of judgment, and general stipulated agreement ("stipulated documents"). Walker signed the documents but failed to properly notarize them, citing the fact that he was on a work assignment in Ethiopia. On October 8, 2019, Walker informed Khanna that he was unable to make the payment by October 11 and requested another extension. Khanna rejected the offer and on November 8, 2019, moved for summary judgment for the entire unpaid rent. In the meantime, Walker's attorney withdrew from the case on October 21.

The summary judgment hearing was set for December 13. On the morning of the hearing, Walker sent the court an email requesting a continuance to hire new counsel and respond to the summary judgment motion. Walker appeared and

orally requested this continuance because he had been out of the country until November 5 and had been unable to secure new counsel in advance of the December 13 hearing. The court expressed concern that Walker had taken no steps to retain counsel or had even read the summary judgment motion and accompanying documents since his return to the United States, but it nevertheless granted a continuance. The court set a new hearing for January 10, 2020 and gave Walker until January 6 to file a response to the motion.

Walker failed to meet the January 6 deadline. On the morning of January 10, Walker sent another email to the court, requesting a second continuance and attached documents to support his claim that Khanna had violated the lease agreement. There is nothing in the record to show these documents were served on Khanna or considered by the court. The court struck the January 10 hearing and granted summary judgment for Khanna.

The order provided that Khanna was entitled to judgment as a matter of law for unpaid rent from September 2017 to April 20, 2019, as well as late fees and prejudgment interest for October 2017 to April 2019. The court ordered that "[j]udgment shall be entered in favor of Plaintiffs and against Alex Walker, individually and as part of his marital estate with Danni Walker, for the amount of $66,466.70, with interest accruing on the judgment at the maximum legal rate as permitted by statute from the date of entry." Walker appeals this order, the court's refusal to grant him a second continuance on January 10, and the award of prejudgment interest.

ANALYSIS

A.    Summary Judgment

Walker argues that the trial court erred when it did not consider the materials he provided on January 10, 2020 as a response to the motion for summary judgment. We disagree.

Appellate courts review a summary judgment order de novo and perform the same inquiry as the trial court. Borton & Sons, Inc. v. Burbank Properties, LLC, 196 Wn.2d 199, 205, 471 P.3d 871 (2020). A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." CR 56(c). After a motion for summary judgment is filed, "[t]he adverse party may file and serve opposing affidavits, memoranda of law or other documentation not later than 11 calendar days before the hearing." Id. The decision to admit or exclude evidence for consideration on summary judgment lies within the trial court's sound discretion. Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 744, 87 P.3d 774 (2004). A trial court does not abuse its discretion by refusing to consider late-filed evidence. Garza v. McCain Foods, Inc., 124 Wn. App. 908, 917-18, 103 P.3d 848 (2004).

In this case, Walker failed to file a response to Khanna's motion for summary judgment in advance of the December 13 hearing date. During the hearing, Walker alleged that there was a genuine issue of material fact as to the amount he owes Khanna and requested a continuance so that he could retain counsel and submit evidence to support his argument. The court indicated that

under the rules, Khanna was entitled to summary judgment because he had failed to respond in a timely manner, but the trial court allowed Walker until January 6, 2020 to file a response in advance of the new January 10 hearing date. Walker failed to meet this deadline and proffered no valid explanation for his delay in submitting a response to the summary judgment motion. The trial court acted within its discretion in declining to consider this late-submitted material.

B.      Request for a Continuance

Walker next argues that the trial court erred when it did not address his January 10, 2020, request for a second continuance. We disagree.

Under CR 56(f), a court may order a continuance to allow the opposing party time to obtain and file evidence to oppose a summary judgment. We review the denial of a CR 56(f) motion for abuse of discretion. Tellevik v. 31641 W. Rutherford St., 120 Wn.2d 68, 90, 838 P.2d 111 (1992). A trial court does not abuse its discretion when it denies a motion to continue a summary judgment hearing when (1) the requesting party does not have a good reason for the delay in obtaining the evidence, (2) the requesting party does not indicate what evidence would be established by further discovery, or (3) the new evidence would not raise a genuine issue of fact. Id.

Walker did not demonstrate a basis for granting his second requested continuance. During the December 13 hearing, despite recognizing that Khanna was entitled to summary judgment based on the evidence then provided, the trial court appropriately exercised its discretion under CR 56(f) and granted Walker's first request for a continuance so that he could secure counsel and respond to the

motion. Walker admitted he had been back in the United States since early November. The court gave Walker an additional three weeks to respond.

Walker argues that the first continuance "was not enough time for him to obtain legal counsel and to properly have the legal counsel to review and respond to [Khanna's] motion for summary judgment." Walker complains that he was out of the country before the December 13 hearing and, upon his return "was confronted by numerous urgent matters which required his immediate attention."

But Walker had legal representation throughout 2019 to assist him in developing evidence to refute Khanna's allegations. His attorney did not withdraw until October 21 after Walker repeatedly failed to fulfill agreements he had entered into with Khanna. Walker then returned to the United States on November 5, before Khanna filed the summary judgment motion and over a month before the hearing was initially scheduled. Including the first continuance, Walker had over two months to provide a substantive response, but he did not do so. The trial court acted within its discretion in rejecting Walker's claim that he lacked enough time to respond.[2]

C.    Prejudgment Interest

Walker argues the trial court erred in awarding Khanna prejudgment interest because "there is no clear record upon which to review the interest awarded." We disagree.

_____

[2] To the extent that Walker argues the trial court erred in failing to grant a continuance under CR 6(b), his claim must fail for the same reasons. A request for the enlargement of time under that rule requires cause shown and, absent excusable neglect, must be "made before the expiration of the period originally prescribed." CR 6(b)(1). Here, Walker made his request four days after his January 6 deadline to respond. Walker failed to show cause or excusable neglect, just as he failed to show good cause under CR 56(f).

> Prejudgment interest is allowed in civil litigation at the statutory judgment interest rate, RCW 4.56.110, RCW 19.52.020, when a party to the litigation retains funds rightfully belonging to another and the amount of the funds at issue is liquidated, that is, the amount at issue can be calculated with precision and without reliance on opinion or discretion.

Mahler v. Szucs, 135 Wn.2d 398, 429, 957 P.2d 632 (1998); see also Pub. Util. Dist. No. 2 of Pacific County v. Comcast of Washington IV, Inc., 184 Wn. App. 24, 80, 336 P.3d 65 (2014). Walker admits that the principal amount owed is "easily quantified," but contends that Khanna did not show how she calculated prejudgment interest. The record does not support this argument.

The trial court held that Khanna was entitled to prejudgment interest on all unpaid rent and resulting late fees. Khanna testified that the total amount owed in unpaid rent was $53,100, the total amount of unpaid late fees was $5,130, and the total unpaid prejudgment interest was $8,236.70. Khanna attached a spreadsheet to her declaration identifying the total amount of interest that had accrued on each missing rent and late fee payment between September 2017 and April 2019. This evidence was sufficient to support the trial court's award of prejudgment interest.

That Khanna sought prejudgment interest at a rate of 12 percent could not have been a surprise to Walker. As early as May 2019, Khanna's attorney sent Walker's attorney a letter summarizing the amounts owed and indicated "interest shall accrue at 12% per annum until the total balance is paid in full." This letter, like Khanna's declaration on summary judgment, included a worksheet calculating the total amount owed to that point, including interest. Furthermore, in August 2019, Walker signed a stipulated confession of judgment in which he acknowledged prejudgment interest had accrued on this debt at a rate of 12

percent. Both the May 2019 letter and the August 2019 confession of judgment were submitted to the court by Khanna's counsel as a part of the summary judgment evidence. The record thus supports the trial court's order awarding prejudgment interest to Khanna.

Affirmed.

Andrus, A.C.J.

WE CONCUR:

Chun, J.                    Mann, C.J.